FILED
2007 Nov-28 AM 09:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

BAGBY ELEVATOR CO., INC.,

    PLAINTIFF,

v.                                                           CASE NO.: CV-07-J-1683-S

DERALD ARMSTRONG, and
SCHINDLER ELEVATOR
CORPORATION,

    DEFENDANTS.

## **MEMORANDUM OPINION**

Pending before the court are plaintiff's motion to dismiss or in the alternative, motion for more definite statement regarding defendant Armstrong's counterclaim (doc. 19); a brief in support of said motion (doc. 20); defendant Armstrong's motion to compel arbitration and stay court proceedings (doc. 22); defendant Schindler's motion to dismiss for improper venue or, in the alternative, motion to transfer (doc. 23); defendant Armstrong's response to plaintiff's motion to dismiss the counterclaim (docs. 32 and 33); plaintiff's opposition to defendant Armstrong's motion to compel arbitration (doc. 34); and plaintiff's opposition to defendant Schindler's motion to dismiss or transfer (doc. 35). Having considered the foregoing, the court finds as follows:

## FACTUAL BACKGROUND

This case was originally brought by plaintiff in the Circuit Court of Jefferson County, Alabama, asserting its past employee, defendant Armstrong, breached his non-competition agreement with plaintiff. Because Armstrong obtained employment with defendant Schindler, plaintiff sued Schindler as well. Defendants Armstrong and Schindler removed the case to this court based on diversity. Notice of Removal (doc. 1). Plaintiff is an Alabama corporation. Complaint, ¶ 1. Defendant Armstrong is a resident of Texas. Complaint, ¶ 2. Defendant Schindler is a Delaware corporation licensed to do business in Alabama. Complaint, ¶ 3.

Plaintiff hired defendant Armstrong as a salesman for its Dallas, Texas office, in November 2003. Complaint, ¶ 5. Plaintiff and defendant entered an Employment Agreement in September 2006 which included an additional covenant not to compete. Complaint, ¶ 7. Plaintiff terminated defendant Armstrong on January 12, 2007. Complaint, ¶ 9. Defendant Schindler, a direct competitor of plaintiff, then hired defendant Armstrong, which plaintiff asserts violated the non-competition agreement. Complaint, ¶¶ 11-12.

Defendant Armstrong filed an answer and counterclaim against plaintiff (doc. 14). According to defendant Armstrong, plaintiff breached its contract with Armstrong, has interfered with his contractual and business relationship with

Schindler, and fraudulently induced Armstrong to sign the September 2006 agreement even though plaintiff never intended to abide by the terms and conditions of said agreement.

**The Motion to Dismiss (doc. 19)**

In reviewing motions to dismiss, the court must "accept the allegations of the complaint as true and construe them 'in the light most favorable to the plaintiff.'" *Simmons v. Sonyika*, 394 F.3d 1335, 1338 (11th Cir.2004); citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir.2003). See also *Erickson v. Pardus*, __ U.S. __, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). A court should not dismiss a suit on the pleadings alone "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim." *Beck v. Deloitte & Touche, Deloitte, Haskins & Sells, Ernest & Young, L.L.P.,* 144 F.3d 732, 735 (11th Cir.1998)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

A motion to dismiss is granted "only when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Sonyika*, 394 F.3d at 1338, citing *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1187 (11th Cir.2004)(quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). *See also Jackson v. Okaloosa*

*County, Fla.,* 21 F.3d 1531, 1534 (11th Cir.1994)(stating that the court "must accept as true the facts stated in the complaint and all reasonable inferences therefrom").

Plaintiff asserts that defendant Armstrong's counterclaim fails to state a claim upon which relief may be granted. As the United States Supreme Court has recently stated, all that is necessary under Rule 8(a)(2), Fed. R.Civ.Pro., is "'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice or what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, __ U.S. __, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); citing *Bell Atlantic Corp. V. Twombly*, 550 U.S. __, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

The court finds that the counterclaim sets forth the claims and the grounds upon which each claim rests in a short, plain and succinct manner which more than complies with Rule 8(a), Fed. R.Civ. Pro. Defendant Armstrong asserts that he entered into a contract with plaintiff, that he was terminated from employment with plaintiff in a manner which violated that contract, and that based on those facts, he states claims for breach of contract, tortious interference and fraudulent inducement.

Having considered the foregoing, the court is of the opinion that the motion to dismiss or, in the alternative, motion for more definite statement (doc. 19) is due to be denied. The court shall so order.

**The Motion to Compel Arbitration and Stay Court Proceedings (doc. 22)**

Defendant Armstrong asserts that pursuant to the 2006 Employment Agreement, he and plaintiff agreed to resolve any claims arising out of his employment in arbitration. The plaintiff disputes this, asserting that it preserves plaintiff's right to enforce the covenant not to compete in that agreement in a court of law. Plaintiff's response (doc. 34) at 3.

The agreement states in relevant part:

<u>Section 6</u>. <u>Termination.</u>

6.1 <u>For Cause</u>  The Company may terminate the Employee's employment at any time "for cause" with immediate effect upon delivering written notice to the Employee.... Upon termination for cause, the Company's sole and exclusive obligation will be to pay the Employee his compensation earned through the date of the termination, and the Employee shall not be entitled to any compensation after the date of termination. The duties of confidentiality and non-competition as set forth in Sections 7 and 9 respectively shall survive termination under this paragraph.

6.4  <u>Without Cause</u>. The Company may terminate the Employee's employment without cause at any time. In the event of such termination, the Company's sole and exclusive obligation will be to pay the Employee his compensation earned through the date of the termination. The duties of confidentiality and non-competition as set forth in Sections 7 and 9 respectively shall survive termination under this paragraph.

<u>Section 7.</u> <u>Covenant Not to Compete</u>.

7.1 <u>Covenant</u>. For the term of Employee's employment with Company and for a two (2) year period after the Employee's employment with the Company has been terminated by either party, with or without cause or justification, the Employee will not directly or indirectly:

> 7.1.1 enter into or attempt to enter into any position as either a sales representative, account representative or sales manager for a company involved in the sale of elevator contractor services ... within 75 miles of the city center of Dallas, Texas ...
>
> Section 12. <u>Venue</u>. The Company and Employee agree to the venue of any dispute arising hereunder to be in Jefferson County, Alabama. The parties have agreed to arbitration of all disputes according to the American Arbitration Association.
>
> Section 16. <u>Entire Agreement</u>. This Agreement contains the entire understanding between and among the parties and supercedes any prior understandings and agreement among them respecting the subject matter of this Agreement.
>
> Section 21. <u>Arbitration</u> If at any time during the term of this Agreement any dispute, difference, or disagreement shall arise upon or in respect of the Agreement, and the meaning and construction hereof, every such dispute, difference, and disagreement shall be referred to a single arbiter agreed upon by the parties ... and such dispute, difference, or disagreement shall be settled by arbitration in accordance with the ten prevailing commercial rules of the American Arbitration Association, and judgment upon the award rendered by the arbiter may be entered in any court having jurisdiction thereof.

Employment Agreement, submitted as Exhibit A to doc. 22.

Plaintiff argues that the arbitration clause does not actually mean that "every ... dispute, difference, and disagreement shall be referred to a single arbiter agreed upon by the parties..." but rather should the parties choose arbitration, they must use the American Arbitration Association rules. Plaintiff's response, at 5. The court finds such an argument untenable. This is reinforced by the parties' agreement in the section entitled "Venue" that, even though Jefferson County, Alabama, is selected, that statement is immediately followed by the statement that "[t]he parties have

agreed to arbitration of all disputes according to the American Arbitration Association." Employment Agreement, ¶ 12.

The court finds the law of this Circuit is quite clear that such agreements are valid, enforceable, and binding. *See e.g.*, *Hill v. Rent-A-Center, Inc.*, 398 F.3d 1286, 1288 (11th Cir.2005) ("The FAA embodies a 'liberal federal policy favoring arbitration agreements'"); *Musnick v. King Motor Co. of Fort Lauderdale*, 325 F.3d 1255, 1258 (11th Cir.2003) ("[T]he Supreme Court, in reviewing a case from this circuit, made clear that the strong federal preference for arbitration of disputes expressed by Congress in the Federal Arbitration Act (the "FAA") must be enforced where possible."); *Lemmon v. Lincoln Property Co.*, 307 F.Supp.2d 1352 (M.D.Fla.2004); *Wright v. Circuit City Stores, Inc.,* 82 F.Supp.2d 1279, 1284 (N.D.Ala.2000) ("Undoubtedly, Circuit City has agreed to be bound to arbitrate at least a specified class of claims: those brought by associates .... No consideration above and beyond the agreement to be bound by this process was necessary to validate the contract .... As long as there are binding promises by each party to the other, there is adequate consideration for a valid contract.").

The court has also considered the plaintiff's argument that since Section 10 of the Employment Agreement, which provides for "Remedies," permits injunctive relief, the Agreement surely intended court litigation. The court does not agree.

7

Rather, that paragraph merely states that the plaintiff may seek injunctive relief without the need to prove actual damages. The court can find nothing in that statement which would somehow delete the parties' agreement that disputes will be arbitrated.

Having considered the foregoing, the court is of the opinion that defendant Armstrong's motion to compel arbitration (doc. 22) is due to be granted and shall so order.

**The Motion to Dismiss for Improper Venue or, in the alternative, Motion to Transfer (doc. 23):**

Defendant Schindler asserts that all or substantially all of the acts giving rise to the plaintiff's claims against Schindler occurred in the Northern District of Texas, Dallas Division. Plaintiff responds that the harm it is suffering is occurring in Alabama. Plaintiff's response (doc. 35) at 7.

Pursuant to 28 U.S.C. §1406(a), when a case is filed laying venue in the wrong division or district, the court shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. Pursuant to 28 U.S.C. § 1404(a), this court may, for the "convenience of parties and witnesses, in the interest of justice" transfer any civil action "to any other district or division where it might have been brought."

Section 1391(a) sets forth where cases may be brought, as follows:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

The parties do not dispute that defendant Armstrong is a resident of Texas.[1] Defendant Schindler asserts that a substantial part of the events or omissions giving rise to Bagby's claims took place in Texas. Motion to Dismiss (doc. 23) at 5-8. The plaintiff asserts that because Schindler is an Alabama resident because it does business here, and because Armstrong signed a "forum selection clause," venue is appropriate in this court. The court disagrees. The Eleventh Circuit has examined § 1391(a), stating as follows:

> The ... language thus contemplates some cases in which venue will be proper in two or more districts. This does not mean, however, that the amended statute no longer emphasizes the importance of the place where the wrong has been committed. Rather, the statute merely allows for additional play in the venue joints, reducing the degree of arbitrariness

---

[1] Plaintiff does argue that Armstrong should be treated as an Alabama resident because of the venue clause in the 2006 Employment Agreement. The court does not find that clause relevant to plaintiff's claims against defendant Schindler, as Schindler did not sign any agreement with the plaintiff.

9

in close cases. The statute's language is instructive: venue is proper in "a judicial district in which a *substantial* part of the *events or omissions giving rise to the claim occurred*." 28 U.S.C. § 1391(a)(2) (emphasis added). Only the events that directly give rise to a claim are relevant. And of the places where the events have taken place, only those locations hosting a "substantial part" of the events are to be considered.

*Jenkins Brick Co. v. Bremer,* 321 F.3d 1366, 1371 (11th Cir.2003). *Jenkins Brick* further sets forth which events are relevant to this inquiry:

> Guidance for what acts or omissions have a close enough nexus to constitute "giving rise to a claim" in a breach of contract context can be found in *Jenkins Brick*. *Id*. at 1372. Such acts included: where the contract was presented, where the contract was executed, where the contract was intended to be performed, and where the contract was breached. *Id*. That court noted that the most important element is the element of breach. *Id*. Similarly, guidance for acts not having a close enough nexus to constitute "giving rise to a claim" can be found in *Jenkins Brick*. Acts such as attending sales meetings or training classes were found to be irrelevant to a breach of contract action. *Id*. at 1373.

*Anthony Sterling, M.D. v. Provident Life and Accident Ins. Co.* 2007 WL 1789114, *4 (M.D.Fla.2007); citing *Jenkins Brick, supra*.

In the facts before this court, all of the events giving rise to the pending claims occurred in Texas. Armstrong signed the Employment Agreement in Dallas County, Texas. The Employment Agreement prohibited Armstrong from finding employment with a competitor within "75 miles of the city center of Dallas, Texas." Employment Agreement, ¶ 7.1.1. The Employment Agreement recites that defendant Armstrong is retained in the capacity of plaintiff's "Dallas Sales and Service Representative."

Employment Agreement, at 1. Clearly, defendant Armstrong must be working for defendant Schindler within "75 miles of the city center of Dallas, Texas," to be in alleged violation of the Employment Agreement. Any alleged wrong by Schindler had to occur in Texas. Any breach of the Employment Agreement had to have occurred in Texas.

In its complaint, the plaintiff requests the court to enjoin defendant Armstrong from engaging in any business in competition with the plaintiff, being employed by such a business, or in any way assisting such a business "[w]ithin a radius of 100 miles of any existing Bagby Elevator Company office, and/or within seventy-five miles of the City Center of Dallas, Texas ...." Complaint, ¶ 15. Similarly, plaintiff asks the court to prevent defendant Schindler from employing defendant Armstrong in the same geographical area. Complaint, ¶ 18. The fact that the plaintiff feels the financial repercussions of the alleged breaches in Birmingham, Alabama, is simply not an "event or omission" giving rise to the claim.

The court is of the opinion that venue of plaintiff's claims against Schindler is more appropriate in the Northern District of Texas than the Northern District of Alabama, as none of the events giving rise to this litigation occurred in Alabama. The court shall therefore grant defendant Schindler's motion to transfer this case to the Northern District of Texas, by separate order. Because the court has already

Employment Agreement, at 1. Clearly, defendant Armstrong must be working for defendant Schindler within "75 miles of the city center of Dallas, Texas," to be in alleged violation of the Employment Agreement. Any alleged wrong by Schindler had to occur in Texas. Any breach of the Employment Agreement had to have occurred in Texas.

In its complaint, the plaintiff requests the court to enjoin defendant Armstrong from engaging in any business in competition with the plaintiff, being employed by such a business, or in any way assisting such a business "[w]ithin a radius of 100 miles of any existing Bagby Elevator Company office, and/or within seventy-five miles of the City Center of Dallas, Texas ...." Complaint, ¶ 15. Similarly, plaintiff asks the court to prevent defendant Schindler from employing defendant Armstrong in the same geographical area. Complaint, ¶ 18. The fact that the plaintiff feels the financial repercussions of the alleged breaches in Birmingham, Alabama, is simply not an "event or omission" giving rise to the claim.

The court is of the opinion that venue of plaintiff's claims against Schindler is more appropriate in the Northern District of Texas than the Northern District of Alabama, as none of the events giving rise to this litigation occurred in Alabama. The court shall therefore grant defendant Schindler's motion to transfer this case to the Northern District of Texas, by separate order. Because the court has already

determined that the plaintiff's claims against defendant Armstrong are due to be arbitrated, the court has no opinion as to whether those claims are properly adjudicated in Texas or in Jefferson County, Alabama, as set forth by the "Venue" clause in the Employment Agreement.

The court shall enter an appropriate Order.

**DONE** and **ORDERED** this the 27th day of November, 2007.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE